Filed 7/29/21  P. v. Garcia CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059412 |
| v. | (Super. Ct. No. 13HF3631) |
| JIMMY MATUSALEM GARCIA, | O P I N I O N |
| Defendant and Appellant. | |

\*          \*          \*

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, and Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Jimmy Matusalem Garcia confessed to police he molested his 11-year-old stepdaughter when she was nine years old. A jury found defendant guilty of six counts of child sexual abuse. The trial court imposed a life sentence.

On direct appeal, we found the trial court properly admitted into evidence defendant's statements to the police. But we also found the court should have released to the defense the victim's subpoenaed school records (a second-grade report card stating she "continues to need reminders about being . . . truthful"). We conditionally reversed and remanded the matter, giving defendant an opportunity to demonstrate prejudice. (*People v. Garcia* (G054032, May 4, 2018) [nonpub. opn.] (*Garcia I*).)

On remand, defendant filed a motion for new trial. Given defendant's admissions, the trial court found no reasonable probability of a different result had the records been disclosed. The court denied the motion and reinstated the judgment.

We find no abuse of discretion and affirm the judgment.


I

STATEMENT OF FACTS AND THE CASE

Police were dispatched to a middle school regarding an 11-year-old girl who was having suicidal thoughts. N.P. told police she sometimes felt like killing herself because her stepfather had molested her in the past. N.P. said defendant did this when she nine years old and in the fourth grade. N.P. said defendant had digitally penetrated her, licked her nipples, orally copulated her, and placed her hands on his penis over his shorts. While in the presence of police, N.P. made a "pretext" phone call to defendant regarding the molestations. Defendant told N.P. he was sorry, and "'I won't do it again, okay? I will not do it again.'"

Police interviewed defendant. "After he was advised of his rights and said he understood them, defendant admitting putting his finger in N.P.'s vagina five to seven times, and licking the outside of her vagina five to seven times as well. Additionally, he

2

admitted putting his mouth on her breast five times, licking her nipple once, and putting N.P.'s hand outside of his pants, on top of his penis once. He said N.P. was right when she said it started when she was nine years old and ended before her 10th birthday. He admitted knowing the acts were wrong. Defendant told the deputies he had not been threatened or harassed to make statements. He promised not to do it again. The deputies then placed defendant under arrest." (*Garcia I*, *supra*, G054032.)

Following a jury trial, at which N.P. testified, defendant was found guilty of four counts of oral copulation or sexual penetration of a child under 10 years of age, and two counts of lewd and lascivious acts on a child under 14 years of age. The trial court imposed a total aggregate sentence of 30 years to life.

*The Earlier Appeal*

In *Garcia I*, defendant primarily challenged the admission into evidence of his statements to the police. We found the admission of the statements did not violate his constitutional rights. (See *Miranda v. Arizona* (1966) 384 U.S. 436.) Defendant also asked this court to review the victim's sealed school records, which defendant had obtained through a subpoena duces tecum before trial (after conducting an in camera review, the trial court did not disclose the confidential records to the defense).

After reviewing the confidential subpoenaed records, we ruled as follows:

"In the present matter, the vast majority of the record submitted pursuant to the subpoena was not material to defendant's case. However, there was one sentence in a second grade (2009-2010 school year) report card that reflected on N.P.'s credibility: 'She continues to need reminders about being . . . truthful . . . .' Contrary to the trial court's statement that there was 'absolutely nothing in the documents that touches upon' the issue of N.P.'s credibility, this entry precisely relates to N.P.'s credibility, is relevant, and should have been disclosed to the defense. If N.P. needed to be reminded of the need to be truthful, it would be because, at a minimum, she demonstrated lapses in that area.

3

The trial court abused its discretion when it denied defendant access to that portion of N.P.'s school record concerning her need to be reminded to be truthful.

"We conditionally reverse the judgment and remand the matter to the superior court. On remand, the court must disclose the subpoenaed material, redacted of all nonmaterial information, to defendant. The defendant must be provided a reasonable period of time in which to investigate the information and demonstrate prejudice from the trial court's failure to provide the information. Thereafter, the trial court must order a new trial if defendant demonstrates a reasonable probability the result would have been different had the information been disclosed. (See *People v. Gaines* (2009) 46 Cal.4th 172, 182-183.) If defendant fails to make a showing of prejudice, the trial court shall reinstate the judgment." (*Garcia I*, *supra*, G054032.)

*Proceedings After Remand*

About two years after remand, defendant filed a motion for new trial and dismissal. Defendant attached a declaration from an investigator from the Orange County Public Defender's Office. The investigator averred: "I spoke via telephone to . . . victim's second grade teacher who created the concerning report card. [The teacher] stated that the period in which we were asking about was nine years ago and she could not recall specific details or instances concerning [N.P.]'s lack of truthfulness."

The prosecution filed an opposition to defendant's motion. The prosecution stated: "Defendant's admissions to acts of sexual molestation corroborated all the testimony and statements made by the child victim in this case." The prosecution argued "one sentence on a second grade report card does not give rise to a reasonable probability to undermine confidence in the outcome of this case."

Following a hearing, the trial court denied the motion and reinstated the judgment (the court's ruling will be discussed in greater detail in the discussion section of this opinion).

4

II

DISCUSSION

In this second appeal, defendant argues the trial court committed reversible error on remand by denying his motion for a new trial. We disagree.

We analyze a trial court's denial of a defendant's motion for new trial under the highly deferential abuse of discretion standard of review. (*People v. Hayes* (1999) 21 Cal.4th 1211, 1260-1261 ["A trial court's ruling on a motion for new trial is so completely within that court's discretion that a reviewing court will not disturb the ruling absent a manifest and unmistakable abuse of that discretion"].)

In this discussion we will: A) state general legal principles concerning new trial motions; B) summarize the relevant proceedings that occurred after remand; and C) analyze the trial court's ruling on defendant's motion for new trial.

*A. General Legal Principles*

"When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as, under all circumstances of the case, may seem reasonable." (Pen. Code, § 1181, subd. (8).)

If a motion for a new trial is based on newly discovered evidence, a trial court is to take into consideration the following factors: 1) the evidence, and not merely its materiality, must be newly discovered; 2) the evidence must not be merely cumulative; 3) the newly discovered evidence would *render a different result probable on a retrial*; 4) the party could not with reasonable diligence have discovered and produced the evidence at trial; and 5) the facts must be shown by the best evidence of which the case admits. (*People v. Delgado* (1993) 5 Cal.4th 312, 328.)

5

A defendant meets his or her burden of establishing that a different result is probable on retrial by establishing that at least one juror would have voted to find him or her not guilty if the new evidence had been presented. (*People v. Soojian* (2010) 190 Cal.App.4th 491, 519-520.)

## B. Relevant Proceedings

At the hearing on the motion for a new trial, after receiving written briefing and listening to oral arguments, the trial court explained its ruling as follows:

"He admitted doing the crimes. The defendant admitting putting his finger into [N.P.]'s vagina 5 to 7 times and licking the outside of her vagina 5 to 7 times as well. The defendant admitted putting his mouth on her breasts 5 times and putting [N.P.]'s hand outside of his pants on top of his penis once. The defendant admitted his acts were wrong. The defendant promised not to do it again.

"So let's say it was shown to the jury, oh, she lied in second grade. Well, here she is four years later testifying in front of a jury. They assess her credibility. We have your client admitting everything she said. So whether she is a chronic liar or not in my mind it doesn't matter.

"I agree with the D.A. when he states that the defense has failed to make a showing of prejudice from not receiving the second grade school record of the victim at age 7. Again, it's clear to the court that you have not demonstrated a reasonable probability that the result would have been different had the old school record been disclosed.

"So even if you did show and you brought people in here, and say you got a hold of the teacher and the teacher remembered. Oh, yeah, she lied about where she was. She lied about being late. She said about this and that. Even if you showed that to the court, there is no way it would have affected the outcome because your client copped out. Your client basically agreed or corroborated what the victim said.

6

"So that is my position on this. The D.A. had a strong case. Your motion for the new trial is going to be denied and your motion to dismiss is going to be denied. Basically the original judgment is going to be reinstated and that was the judgment back from September 16, 2016."

*C. Application and Analysis*

When reviewing for an abuse of discretion, a trial court's "findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted.)

Here, the trial court's factual finding is supported by substantial evidence (defendant, in fact, admitted his crimes to the police). The court applied the correct legal standard (the narrow legal question was whether defendant demonstrated a reasonable probability that the result at trial would have been different had the victim's report card been disclosed to the defense). And the court did not appear to apply the law to the facts in an arbitrary or capricious fashion (the court appears to have made a reasoned decision after considering the parties' arguments and reviewing the relevant evidence).

Thus, we find no abuse of discretion and affirm the trial court's denial of defendant's motion for new trial and the reinstatement of the judgment.

Defendant argues the victim's second grade report card "reflect that N.P. had a problem being truthful. Not every child receives such a notation in their school records. This was significant. As the records reflected N.P. needed a reminder to be truthful, which went directly to her credibility, the trial court's denial of [the motion for new trial] was an abuse of discretion." We disagree.

From our perspective, whenever the prosecution introduces a defendant's confession into evidence at trial—particularly a defendant's admission that he committed multiple sex offenses against a nine-year-old child—it is difficult to imagine that any

7

other evidence concerning the victim's credibility would be likely to produce a more favorable result.  (See *People v. Schader* (1965) 62 Cal.2d 716, 730-731 [a "confession operates as a kind of evidentiary bombshell which shatters the defense"].)  In any event, we cannot substitute our judgment (or defendant's) for that of the trial court.  (See also *People v. Carmony* (2004) 33 Cal.4th 367, 376-377 [a trial court's discretionary """"decision will not be reversed merely because reasonable people might disagree""""].)

As the trial court intimated, this is not a close call.


III

DISPOSITION

The judgment is affirmed.



MOORE, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.


8